1  Ryan E. Hatch (SBN 235577)
   ryan@hatchlaw.com
2  HATCH LAW, PC
   13323 Washington Blvd., Suite 100
3  Los Angeles, CA 90066
   Tel: 310-279-5079
4  Fax: 310-693-5328

5  *(additional counsel listed on next page)*

6  *Attorneys for Plaintiff*
7  *MICROPAIRING TECHNOLOGIES LLC*

8

9

10

11              **UNITED STATES DISTRICT COURT**

12         **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

13                  **SOUTHERN DIVISION**

14

15

16  MICROPAIRING TECHNOLOGIES          Case No. 8:21−cv−00881−JVS(KESx)
    LLC,
17                                     **STIPULATED PROTECTIVE**
                        Plaintiff,     **ORDER**
18         v.
19                                     Courtroom: 10C
    HYUNDAI MOTOR AMERICA,             Judge: Hon. James V. Selna
20                      Defendant.

21

22

23

24

25

26

27

28
                                              STIPULATED PROTECTIVE ORDER

Edward R. Nelson III (TX SBN 00797142)
ed@nelbum.com
admitted pro hac vice
Ryan P. Griffin (TX SBN 24053687)
ryan@nelbum.com
admitted pro hac vice
Brian P. Herrmann (TX SBN 24083174)
brian@nelbum.com
admitted pro hac vice
NELSON BUMGARDNER CONROY PC
3131 West Seventh Street
Suite 300
Fort Worth, TX 76107
Telephone: 817.377.9111

Timothy E. Grochocinski (IL SBN 6295055)
tim@nelbum.com
admitted pro hac vice
C. Austin Ginnings (NY Bar No. 4986691)
austin@nelbum.com
admitted pro hac vice
NELSON BUMGARDNER CONROY PC
15020 S. Ravinia Avenue, Suite 29
Orland Park, Illinois 60462
Telephone: 708.675.1974

*Attorneys for Plaintiff*
*MICROPAIRING TECHNOLOGIES LLC*

## 1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiff MicroPairing Technologies LLC and Defendant Hyundai Motor America, (collectively referred to as the "Parties" and individually referred to as a "Party") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

## 2.   DEFINITIONS

2.1   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3   Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or disclose the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. For avoidance of doubt, documents that do not specifically define or disclose the algorithms or structure of software or hardware designs shall not be designated as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.9     House Counsel: attorneys and legal and IP personnel who are employees of a Party or a corporate affiliate of a Party, and who have responsibility for managing this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party: any natural person, partnership, corporation, association, or

1   other legal entity not named as a Party to this action.

2       2.11   <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party

3   to this action but are retained to represent or advise a Party to this action and have

4   appeared in this action on behalf of that Party or are affiliated with a law firm which

5   has appeared on behalf of that Party.

6       2.12   <u>Party</u>: any Party to this action, including all of its officers, directors,

7   employees, consultants, retained experts, and Outside Counsel of Record (and their

8   support staffs).

9       2.13   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or

10  Discovery Material in this action.

11      2.14   <u>Professional Vendors</u>: persons or entities that provide independent

12  litigation support services (e.g., photocopying, videotaping, translating, database

13  services, preparing exhibits or demonstrations, and organizing, storing, or retrieving

14  data in any form or medium, and professional jury or trial consultants) and their

15  employees and subcontractors, who (1) have been retained by a Party or its counsel to

16  provide litigation support services with respect to this action, (2) are (including any

17  employees and subcontractors) not a past or current employee of a Party or of a

18  Party's competitor, and (3) at the time of retention, are not anticipated to become an

19  employee of a Party or of a Party's competitor.

20      2.15   <u>Protected Material</u>: any Disclosure or Discovery Material that is

21  designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL –

22  ATTORNEYS' EYES ONLY." or as "HIGHLY CONFIDENTIAL – SOURCE

23  CODE."

24      2.16   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material

25  from a Producing Party.

26  **3.   <u>SCOPE</u>**

27      The protections conferred by this Stipulation and Order cover not only

28  Protected Material (as defined above), but also (1) any information copied or extracted

---

3   STIPULATED PROTECTIVE ORDER

from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material,

documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has

indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE) to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to twenty-one (21) days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the twenty-one (21) days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY " or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Parties shall give the other Parties reasonable notice if they reasonably expect a

deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a twenty-one (21) day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable

efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   <u>Timing of Challenges</u>. Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3   <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion to re-designate or de-designate under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within twenty-one (21) days of the initial notice of challenge or

within fourteen (14) days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.  ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1  <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2  <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, including all partners, members, and associate attorneys of such counsel's law firms who are assisting in the conduct of the Action;

(b) employees of said Outside Counsel of Record assigned to and

1  reasonably necessary to assist such counsel in the litigation of this Action when
2  operating under the supervision of such partners or associate attorneys;

3         (c) House Counsel of the Receiving Party to whom disclosure is
4  reasonably necessary for this litigation;

5         (d) Experts (as defined in this Order) of the Receiving Party to whom
6  disclosure is reasonably necessary for this litigation and who have signed the
7  "Acknowledgment and Agreement to Be Bound" (Exhibit A) and as to whom the
8  procedures set forth in Section 7.5(a)(2) below have been followed;

9         (e) the Court and its personnel;

10         (f) stenographic reporters, videographers and/or their staff, and
11  Professional Vendors to whom disclosure is reasonably necessary for this litigation
12  and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit
13  A);

14         (g) any person (i) who created, authored, received or reviewed such
15  Protected Material; (ii) is or was a custodian of the Protected Material; (iii) is
16  identified on such Protected Material; or (iv) is or was an employee of the producing
17  Party and is reasonably believed to have knowledge of the matters in the Protected
18  Material; and

19         (h) any other person as may be designated by written agreement by the
20  Producing Party or by order of the Court.

21     7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
22  ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in
23  writing by the Designating Party, a Receiving Party may disclose any information or
24  item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only
25  to individuals listed in Sections 7.2(a-b) and (d-h).

26     7.4    Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE"
27  Information or Items. Unless otherwise ordered by the Court or permitted in writing
28  by the Designating Party, a Receiving Party may disclose any information or item

designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to individuals listed in Sections 7.2(a-b), (e), (h) and:

(a) up to three (3) Experts[1] (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.5(a)(2), below, and specifically identified as eligible to access "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items, have been followed; and

(b) stenographic reporters, videographers and their respective staff, and are transcribing or videotaping a deposition wherein "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items are being discussed, provided that such reporters and videographers shall not retain or be given copies of any portions of the source code, which if used during a deposition, will not be attached as an exhibit to the transcript but instead shall be identified only by its production numbers; and

7.5     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to Section 7.3 first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.

---

[1] For the purposes of this paragraph, an Expert is defined to include the expert's direct reports and other support personnel, such that the disclosure to an Expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single expert.

1          (a)(2) Unless otherwise ordered by the court or agreed to in writing by

2  the Designating Party, a Party that seeks to disclose to an Expert (as defined in this

3  Order) any information or item that has been designated "HIGHLY CONFIDENTIAL

4  – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

5  CODE" pursuant to Sections 7.3 and/or 7.4 first must make a written request to the

6  Designating Party[2] that (1) identifies the general categories of "HIGHLY

7  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL

8  – SOURCE CODE" information that the Receiving Party seeks permission to disclose

9  to the Expert, (2) sets forth the full name of the Expert and the city and state of his or

10  her primary residence, (3) attaches a copy of the Expert's current curriculum vitae, (4)

11  identifies the Expert's current employer(s), (5) identifies each person or entity from

12  whom the Expert has received compensation or funding for work in his or her areas of

13  expertise or to whom the expert has provided professional services, including in

14  connection with a litigation, at any time during the preceding five years,[3] and (6)

15  identifies (by name and number of the case, filing date, and location of court) any

16  litigation in connection with which the Expert has offered expert testimony, including

17  through a declaration, report, or testimony at a deposition or trial, during the preceding

18  five years.[4]

19          (b) A Party that makes a request and provides the information specified

20  in the preceding respective paragraphs may disclose the subject Protected Material to

---

[2] For a Designating Party that is a Non-Party, experts previously disclosed and approved prior to the Non-Party's production of any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" need not be disclosed to said Non-Party unless such Non-Party requests such information prior to the production of any Protected Material. Moreover, unless otherwise requested by the Non-Party, subsequently disclosed experts need not be disclosed to the Non-Party before that Non-Party's Protected Material may be disclosed thereto.

[3] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

[4] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

the identified Designated House Counsel or Expert unless, within fourteen (14) days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven (7) days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

(d) In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8. **PROSECUTION BAR**

Absent written consent from the Producing Party, any individual who accesses or otherwise learns of to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to the subject matter of the litigation or the subject matter of the Protected Material designated by

13      STIPULATED PROTECTIVE ORDER

the Producing Party, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope of patent claims.  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a Party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* review, or post grant review). Moreover, and notwithstanding the foregoing, nothing in this paragraph shall prohibit a person who is otherwise subject to this provision from participating in a PTO proceeding (e.g., *inter partes* review, post grant review) of the patents asserted in this action if that person does not participate—directly or indirectly—in the amendment of any claim(s). This Prosecution Bar shall begin when "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first accessed or otherwise learned by the affected individual and shall end two (2) years after final termination of this action.

**9.    SOURCE CODE**

(a)    To the extent production of computer source code and/or live data (i.e., data as it exists residing in a database or databases) ("Source Code Material") becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code or algorithms. For avoidance of doubt, documents that do not specifically define or disclose the algorithms or structure of software or hardware designs shall not be designated as "HIGHLY CONFIDENTIAL – SOURCE CODE."

(b)    Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" information including the Prosecution Bar set forth in Section 8, and may be disclosed only as set forth in Sections 7.3 and 7.4.

(c)     Any Source Code Material, including unredacted versions of documentation containing "HIGHLY CONFIDENTIAL – SOURCE CODE" information as described in Section 9(a),  produced in discovery shall only be made available for inspection in a computer searchable format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at (1) an office of the Producing Party or the Producing Party's primary Outside Counsel of Record or (2) another mutually agreed upon location. Any location under (1) or (2) shall be within the United States. The source code shall only be made available for inspection on secured "stand-alone" computer(s) in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.

(d) The Receiving Party shall provide at least five (5) business days' notice prior to a proposed inspection; however, a request to shorten this notice period shall not be withheld unreasonably. The Receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m., local time, on business days (i.e., weekdays that are not Federal holidays) or any other days and times mutually agreed upon by the Producing and Receiving Parties. However, upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the stand-alone computer(s) outside of normal business hours.

(e) A list of names of persons who will view the source code will be provided to the Producing Party in conjunction with any written (including email) notice requesting inspection.

(f) The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s).

(g) The Producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above.  The stand-alone computer shall be reasonably configured to permit the Receiving Party to review the Source Code.  The stand-alone computer shall have tools installed sufficient to review and search the Source Code Material as requested by the Receiving Party and approved by the Producing Party (which approval shall not be withheld unreasonably).  Absent agreement of the Producing Party or order of the Court, the Receiving Party shall not use any compilers, interpreters, or simulators in connection with the Producing Party's Source Code Material.  In the event the Receiving Party requests commercially available software tools for viewing and searching Source Code Material to be installed on the stand alone computer(s), the Receiving Party must identify those tools and provide the Producing Party with licensed copies of the software tool(s), at the Receiving Party's expense.  The Producing Party and Receiving Party shall promptly meet and confer in good faith to resolve any disputes regarding the configuration of the standalone computer(s).

(h)     The Receiving Party's Outside Counsel of Record and/or Experts shall be entitled to take notes relating to the Source Code Material, but may not copy any portion of the Source Code Material into the notes, excepting variable, object, method, class, or file names, which may be copied for identification purposes only, and may not be used to replicate the Source Code Material in the notes.  Notes may not be taken on the stand alone computer itself.  Under no circumstance is any portion of the Source Code Material to be recorded in notes as a way to circumvent the protections of this Protective Order.  If any individual inspecting Source Code seeks to take notes, all such notes will be taken on bound (spiral or other type of

permanently bound) notebooks.  No loose paper or other paper that can be used in a printer will be permitted.  All such notes shall be marked "HIGHLY CONFIDENTIAL SOURCE CODE."

(i) The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to the extent reasonably necessary to ensure compliance with the provisions of this Order. In so doing, the Producing Party will not monitor, listen in on, or otherwise inhibit the Receiving Party's privileged communications or note-taking, and the Producing Party's supervision will not, by itself, be deemed to cause any waiver or other loss of any privilege covering such notes or communications.

(j) The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in Section 9(g). The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Section 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(k)    Except as provided in this paragraph, the Receiving Party may not create electronic copies, versions, images, or any other electronic format, of the Source Code Material from the paper copy for use on a computer (e.g., may not scan the source code to a PDF, or photograph the code). The Receiving Party may include excerpts of Source Code Material in an exhibit to a pleading or other court filing, expert report, or deposition transcript (each a "Source Code Document"), provided that the Source Code Documents are appropriately marked under this Order, restricted

to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders. The communication and/or disclosure of electronic files containing any portion of source code shall at all times be limited to individuals who are authorized to see source code under the provisions of this Protective Order. Additionally, all electronic copies must be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE".

(l) To the extent portions of source code are quoted in a SOURCE CODE DOCUMENT, either (1) the entire document will be stamped and treated as HIGHLY CONFIDENTIAL – SOURCE CODE or (2) those pages containing quoted Source Code will be separately bound, and stamped and treated as HIGHLY CONFIDENTIAL – SOURCE CODE.

(m) The Receiving Party shall maintain a record of any individual who has inspected any portion of the Source Code Material in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

**10.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely[5] seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that Court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another Court.

## 11.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "HIGHLY CONFIDENTIAL – SOURCE CODE". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

---

[5] The Designating Party shall have at least fourteen (14) days from the service of the notification pursuant to Section 10(a) to seek a protective order.

(b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.  make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this

Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**13.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

**14.    MISCELLANEOUS**

14.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. A Party who seeks to introduce Protected Material at a hearing, pretrial, or other proceeding of this Action shall advise the Court at the time of

introduction that the information sought to be introduced is protected. If the Designating Party requests the protection to be continued, the Court will review the information to determine if the information is entitled to continued protection. Prior to disclosure of Protected Material at a hearing, the Producing Party may seek further protections against public disclosure form the Court.

14.4    <u>Use of Protected Material at Trial</u>. The provisions of this Order do not apply to any trial proceedings in this Action. The Parties will separately request the Court to enter an Order governing the handling of Protected Materials at trial.

## 15.    **FINAL DISPOSITION**

Within sixty (60) days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

1   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3   DATED: April 12, 2022          By: */s/ Edward R. Nelson III*

4                                  Edward R. Nelson III (*pro hac vice*)
                                   ed@nelbum.com

5                                  Ryan P. Griffin (*pro hac vice*)
                                   ryan@ nelbum.com

6                                  Brian P. Herrmann (*pro hac vice*)

7                                  brian@ nelbum.com

8                                  NELSON BUMGARDNER CONROY PC
                                   3131 West Seventh Street, Suite 300

9                                  Fort Worth, Texas  76107
                                   Telephone: (817) 377-9111

10

11                                 Timothy E. Grochocinski (*pro hac vice*)
                                   tim@ nelbum.com

12                                 Charles Austin Ginnings (*pro hac vice*)
                                   austin@ nelbum.com

13                                 NELSON BUMGARDNER CONROY PC

14                                 15020 S. Ravinia Avenue, Suite 29

15                                 Orland Park, Illinois  60462
                                   Telephone: (708) 675-1974

16

17                                 Ryan E. Hatch (Bar No. 235577)
                                   ryan@hatchlaw.com

18                                 HATCH LAW, PC

19                                 13323 Washington Blvd., Suite 302

20                                 Los Angeles, California  90066
                                   Telephone: (310) 279-5079

21                                 Facsimile:   (310) 693-5328

22                                 *Attorneys for Plaintiff*

23                                 *MicroPairing Technologies LLC*

24

25

26

27

28

23   STIPULATED PROTECTIVE ORDER

DATED: April 12, 2022          By:    */s/ D. James Pak*
                                       D. James Pak (Bar No. 194331)
                                       djamespak@quinnemanuel.com
                                       Lance L Yang (Bar No. 260705)
                                       lanceyang@quinnemanuel.com
                                       QUINN EMANUEL URQUHART AND
                                       SULLIVAN LLP
                                       865 South Figueroa Street, 10th Floor
                                       Los Angeles, California 90017
                                       Telephone:   (213) 443-3000
                                       Facsimile:    (213) 443-3100

                                       Brett N. Watkins (*pro hac vice*)
                                       brettwatkins@quinnemanuel.com
                                       QUINN EMANUEL URQUHART AND
                                       SULLIVAN LLP
                                       711 Louisiana Street, Suite 500
                                       Houston, TX 77002
                                       Telephone:   (713) 221-7000
                                       Facsimile:    (713) 221-7100

                                       *Attorneys for Defendant*
                                       *Hyundai Motor America*

PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: April 13, 2022

                        _____
                                Hon. Karen E. Scott
                        United States Magistrate Judge

1

## EXHIBIT A

2

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3      I, _____ [print or type full name], of

4 _____ [print or type full address], declare under penalty of perjury that

5 I have read in its entirety and understand the Stipulated Protective Order that was

6 issued by the United States District Court for the Central District of California in the

7 case of *Micropairing Technologies LLC v. Hyundai Motor America*, Case No.

8 8:21−cv−00881−JVS(KESx). I agree to comply with and to be bound by all the terms

9 of this Stipulated Protective Order and I understand and acknowledge that failure to so

10 comply could expose me to sanctions and punishment in the nature of contempt. I

11 solemnly promise that I will not disclose in any manner any information or item that is

12 subject to this Stipulated Protective Order to any person or entity except in strict

13 compliance with the provisions of this Order.

14      I further agree to submit to the jurisdiction of the United States District

15 Court for the Central District of California for the purpose of enforcing the terms of

16 this Stipulated Protective Order, even if such enforcement proceedings occur after

17 termination of this action.

18

19 Date: _____

20

21 City and State where sworn and signed: _____

22

23 Printed name: _____

24                    [printed name]

25 Signature: _____

26                    [signature]

27

28